UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA         :

v.                               :   Docket No. 3:10CR84(EBB)

GREGORY PITTMAN                  :

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Gregory Pittman ("Pittman"), moves pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat 2372 (2010) ("FSA") and Amendment 750 ("Amendment 750") to the United States Sentencing Guidelines. That Amendment, which became effective November 1, 2011, made, *inter alia*, retroactive changes to the guideline's drug quantity tables for crack cocaine offenses to account for the FSA's substantial increase in the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b).

For the following reasons, Pittman's motion [doc. #50] is DENIED.

## DISCUSSION

On April 13, 2010, Pittman pleaded guilty to a one-count information which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 2, 2010, the Court sentenced him to 77 months' imprisonment. In so doing, the Court adopted the findings and guideline calculations set forth in his pre-sentence report (PSR). According to his PSR, his base offense level of 20 was calculated pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because his possession of a firearm was subsequent to his having sustained a conviction for a controlled substance offense. He received a 4-level increase pursuant to U.S.S.G. § 2K2.1(b)(6) because he possessed a firearm in connection with another felony

offense, that being possession with intent to distribute cocaine base. After a 3-level deduction for acceptance of responsibility under U.S.S.G. § 3E1.1, his total offense level was 21. Pittman had an extensive criminal record and his criminal history category was VI, which, when combined with his offense level 21, resulted in a guideline sentencing range of 77 to 96 months. The Court's sentence was at the bottom of that guideline range. Because Pittman's sentence was based on his conviction of possession of a firearm by a convicted felon, and not on a conviction of possession or distribution of cocaine base, he is not eligible for a sentence reduction under § 3582(c).

Pittman does not qualify for a sentence reduction under § 3582(c)(2) because Amendment 750, which reduces only the crack-cocaine offense levels set forth in § 2D1.1, would have no effect whatsoever on Pittman's guideline sentencing range. That range was calculated under § 2K2.1(a)(4)(A) and § 2K2.1(b)(6), the guideline sections that apply to defendants such as Pittman who are convicted of being felons in possession of firearms. Cf. United States v. Cannon, 411 Fed. Appx 436, 2011 WL 677430 (2d Cir. Feb. 28, 2011).

Section 3582(c)(2) and the guideline's policy statements only permit a sentence reduction under Amendment 750 if retroactive application of its reduced § 2D1.1 base offense levels for crack cocaine offenses would result in a lower guideline sentencing range for the offense of a defendant's conviction. See United States v. Perkins, No. 3:98cr45(EBB), 2010 WL 174806 (D. Conn. Jan 12, 2010). That is not the case here because Pittman pleaded guilty only to, and was convicted only of being a felon in possession of a firearm. His possession of crack cocaine was merely incidental to the crime of his conviction.

## CONCLUSION

For the foregoing reasons, Pittman's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [doc. #50] is DENIED.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ
_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2011 at New Haven, Connecticut.